FILED - USDC -NH
2022 SEP 30 AM 10:25

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

**Civil Action:** 1:22-cv-00052-LM

RICHARD MAXIMUS STRAHAN, *as Citizen Attorney General*

V.

WILLIAM MCNAMARA as *Defendant*

TRACY BIRMINGHAM as *Defendant*

STEVEN LEE as *Defendant*

WILLIAM BERAULT as *Defendant*

RENE KELLY as *Defendant*

**28 September 2022**

---

VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, COMPENSATORY RELIEF & REQUEST FOR A JURY TRIAL

---

Plaintiff Richard Maximus Strahan speaks:

1. I am bringing claims against the Defendants under the Civil Rights Act and other provisions of law. The Defendants are all state actors and they are usurping their lawful state authority by their now threatening to arrest me for criminal trespass pursuant to the New Hampshire trespass statute with the requisite probable cause to lawfully justify the arrest. The Defendants are doing this in part as retaliation to my known practice of prosecuting corrupt government employees in the courts.

2. I am seeking a prospective injunction from the Court to prevent their threatened future trespass arrest. I am also seeking compensatory and punitive relief from the injuries their threats have inflicted on me already and will in the future from being denied the opportunity to ride on Public transportation in Strafford and Rockingham counties in NH.

3. Since 2017, a cabal of University of New Hampshire employees currently led by Defendant Birmingham has been trying to keep me from getting any future academic services from UNH and to stop me from being able to even step onto the UNH property. One of their

tactis is simply using the NH Trespass Statute to maliciously ban me from UNH property to prevent me from engaging in political activism within the UNH community that would threaten their perceived vested interests and not anyone else at UNH. In 2020-2021, Defendant Lee and Birmingham issued an unlawful threat of trespass arrest against me in writing that threatened me with criminal trespass arrest without the requisite probable cause if I entered onto any UNH property to engage in peaceful core protected political speech.

4. On 10 June 2022, Defendant McNamara had the UNH cops me IN HAND a written notice under its signature alone that threaten me with trespass arrest under the NH trespass statute if I stepped onto any bus operated by the UNH Wildcats Transit ("UNHWT"). Upon information and belief the UNHWT is a publicly funded regional mass transit system that is intended to serve all residents of New Hampshire. Its commuter bus services are offered to any member of the Public. It is the ONLY public transportation service supplying routes of service from Durham to Dover, Portsmouth and Newmarket.

5. Upon information and belief Defendant McNamara does not have any lawful authority to unilaterally as a UNH employee to deny any member of the Public from righting on UNHWT busses in a peaceful manner after paying the required faire. He has no authority as a UNH employee to act as an ultimate possessor of any UNH property so as to lawfully order anyone to stay off UNH property pursuant to the NH Criminal Trespass Statute ("Trespass Statute")

.6. The Trespass Statute cannot by its own terms supply the requisite probable cause to authorize arrest of anyone from stepping onto any kind of bus after being ordered not to by the owner or operator of the bus. The Trespass Statute only concerns preventing unlawful trespass on another's lawfully possessed real estate like a building or on a parcel of land. The Trespass Statute does not authorize any arrest for unwanted access by a person on a bus or other form mass transportation.

7. After being issued the 2022 Trespass Notice, I directly contacted the towns of Dover, Durham and Newington cop shops. I did so to inquire if their cop employees are willing to enforce the Trespass Notice against me if I attempted to enter upon a UNHWT bus at a bus stop in their respective communities, after paying the faire and afterwards conducting myself in a peaceful manner. I was told directly by senior ranking cop employees that it was the policy of

their respective departments to arrest anyone for trespass on a bus if the bus operator refused the person commuter service and did not willingly exit the bus immediately. Defendants Kelly and Berault are the respective acting CEOs of the cop shops of the towns of Durham and Dover.

8. As a result of the said threats by the Defendants to have me falsely arrest for criminal trespass if I tried to legally and peacefully enjoy my right to public transportation offered to all other members of the Public by the UNHWT, I have been coerced and intimidated since 10 June 2022 to the present and beyond from making any attempt to lawfully ride any public transportation offered by the UNHWT. I have suffered horribly as a result. I have lost the access to any gainful opportunity to employment in the counties of Strafford and Rockingham. I have lost access to all available shopping malls, medical services and drug stores in these same counties.

9. I have all lost all opportunity to enjoy access to academic and other services offered by UNH to all other members of the Public. It is not possible for me to even be able to apply for acade4mic admission at UNH now or in the future as long as I am maliciously trespassed from the UNHWT busses.

10. I am seeking the following relief against the Defendants —

a. A DEECLARATORY JUDGMENT that the Trespass Statute does not supply the requisite probable cause to any cop to justify an arrest of anyone for being on a UNHWT owned bus that is not parked on UNH property or is being operated on Public rights of way during its regular business hours.

b. A PERMANENT INJUNCTION barring the Defendants from making any attempt to arrest me for criminal trespass for being on a UNHWT owned bus that is being operated on public rights of way during its regular business hours.

c. An AWARD of $100,000.00 in compensatory damages from each of the Defendants.

d. An AWARD of $1000000,00 in punitive damages from each of the individual Defendants

e. Strahan is seeking a Jury Trial.

## Parties

11.    Plaintiff Richard Maximus Strahan is an Endangered Species Recovery Agent. His email address is esistoo@yahoo.com. His current business address is One Washington Street, Suite #3112, Dover NH 03820.

12.    Defendant Rene Kelly is being sued as an individual acting under color of state law as a state actor. His business address is ℅ Durham Police Department, 86 Dover Road, Durham, NH 03824.

13.    Defendant William Breault is being sued as an individual acting under color of state law as a state actor. His business address is ℅ Dover Police Department 46 Chestnut Street Dover, New Hampshire 03820-3396

14.    Defendant William McNamara is being sued as an individual acting under color of state law as a state actor. He is allegedly employed by UNH as "Executive Director of Hospitality Services." His business address is ℅ Hospitality Services, University of New Hampshire, Holloway Commons, Room G-11, 75 Maine Street, Durham NH 03824.

15.    Defendant Steven Lee is being sued in his individual capacity acting under color of state law as a state actor. His business address is Steven Lee, ℅ UNH Security Office, 18 Waterworks Road, Durham NH 03824.

16.    Defendant Tracy Birmingham is being sued in her individual capacity acting under color of state law as a state actor. Her business office address Tracy Birmingham ℅ University of New Hampshire, 5 Chenell Drive, Suite 301, Concord NH 03301.

## Jurisdiction and Standing

17.    The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (provides the court jurisdiction to entertain actions under the laws of the United States); 42 U. S. C. § 1983 (Civil Rights Act); 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment); 28 USC § 1337 (provides the court jurisdiction to hear supplemental state claims);

18.    Strahan has meets standing requirements of Article III of the Constitution to bring his claims against the Defendants. He has been injured by the Defendants, faces imminent arrest

by the Defendants in the future and is the subject to the serious prospects of them repeating their said alleged unlawful actions against him at any time in the future.

## The Plaintiff's Claims Against the Defendants

COUNT I: *Defendant Violation of the 42 USC § 1983 & 14th Amendment: Unlawful Seizure and Denial of Due Process by their Acting Under Color of State Law to Arrest without Probable Cause and to Maliciously Prosecute the Plaintiff on Criminal Charges Devoid of Requisite Probable Cause.*

19. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 18.

20. On 10 June 2022 the Plaintiff was served IN HAND by an employee of the UNH cop department a written notice signed by Defendant. The notice threatened to have him arrested for criminal trespass pursuant to RSA 636:2 ("Trespass Statute") if he entered on any UNH bus that is being operated as part of the UNHWT regional transportation service. The Trespass Statute provides no authority to anyone to authorize arrest of anyone who is on a bus or other vehicle operating on a Public right of way.

21. Upon information and belief Defendant McNamara is not in ultimate lawful possession of any bus operated by the UNHWT. He neither owns nor has UNH delegated to him as an UNH employee any lawful possession of any UNHWT bus in order to have authority under the Trespass Statute to supply the probable cause to authorize any trespass arrest on a UNHWT bus or to lawfully issue the 2022 Trespass Notice.

22. Upon information and belief, UNH regional transportation service is operated to serve all members of the Public. Anyone may ride this service during its regular business hours. Generally UNH students and employees are not charged faire. All other members of the Public pay a modest fair of about $1.50 as a passenger to ride the UNH Regional Bus.

23. Strahan has never been accused of any crime, municipal regulation, or written directive issued riding on a UNH Regional Bus. On 9 June 10 he requested to exit a UNH Regional Bus that he was riding from Durham NH to Dover NH. The bus driver refused to open the door. Strahan made repeated requests to open the door. The driver repeatedly refused to do so. Additionally the driver refused to continue driving the buss to the next stop. It ordered Strahan to exit the rear door. Since Strahan was standing by the front door, he repeatedly offered

to exit the front door which the bus driver continued to refuse to open. The bus driver told Strahan that it decided not to move the bus till Strahan exited the bus.

24.　　The other passengers pleaded with the bus driver to continue driving the bus onward and to the next stop. They complained about needing to get home to the driver and made other complaints about its refusal to move the bus. At no point did Strahan either tell the driver not to move the bus or do anything that would prevent her from continuing to drive the bus.

25.　　Eventually, being emphatic to the needs of his fellow passengers' pleas to go home, Strahan walked to the rear door and exited in the bus with no one otherwise forcing him to do so. He shook the hands of his fellow passengers as he exited the bus. They appreciated his sacrifice.

26.　　Strahan later contacted the cop shops employing Defendant Lee, Kelly and Breault. He was told by upper level senior employees acting as these Defendants, that their departments will enforce the Trespass Notice. If Strahan attempts at any point in the future to enter upon a UNHWT bus operating in their respective professional jurisdictions that he will be summarily arrested for criminal trespass. Strahan received an email from Defendant Birmingham in which she personally ordered him to stay off UNHWT busses and threatened to have Defendant Lee or another UNH cop employee arrest Strahan for trespass if he did not comply. It also threatened to have him trespass from all UNH property if he does not comply with the 2022 Trespass Notice.

27.　　As a result of the 2022 Trespass Notice, Strahan movements have been unlawfully restricted to the Town of Dover UNH. He cannot access medical services or the courts without the opportunity to use Public transportation that is now being maliciously and unlawfully denied him by the Defendants.

28.　　Unless the Court acts immediate to enjoin the Defendants' said unlawful and malicious conduct Strahan will continue to suffer irreparable injury at the hands of these Defendants.

COUNT II:　*Violation of the 42 USC § 1983 & 14th Amendment: Defendants Lee, DG, and Birmingham acting from 2017 to the Present to Act under color of state law outside their employment authority to personally Intimidate & Otherwise Coerce UNH Employees from Providing UNH Services Either at All or Only in a Restricted Manner to Interfere with His First Amendment Protected Right to Petition the Court and Engage in Core Political Speech on UNH Property.*

29.　The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1- 28.

30.　Currently the Defendants Lee and Birmingham have deliberately made it impossible for me to obtain any services at all from UNH. They have bullied and intimidated almost every UNH employee from the Dean of Students to most UNH academic employees from directly communicating with me or offering me any UNH services at all. They have done so without any of them possessing the lawful authority as UNH employees to order any other UNH employee not to provide me the services that UNH routinely supplies to any other member of the Public.

31.　Since 2017 until to the present day, Defendants Birmingham and Lee acting outside their lawful authority as UNH employees to bully and intimidate all other UNH employees from not speaking or have direct communication with me. She also is coercing these employees not to provide me any UNH academic services or transportation services they supply routinely to other member of the Public. This is retaliation and retribution for their considering me as a threat to their vested interests to their acting outside the law and authority as UNH employees to control the behaviour and constitutionally protected speech of students and academic employees of UNH. These Defendants despise me as a perceived threat to sue them and other disgruntled UNH employees for their unlawful actions.

32.　As a result Defendants Lee and Birmingham are maliciously acting through their Gag Order that threatens noncompliant UNH employees with loss of UNH employment or other punishments in the workplace to insure that I can never be admitted again as a student at UNH or otherwise receive any academic services that UNH offers to the general Public. I have been repeatedly told by UNH employees that are willing to talk to me otherwise, that they are not allowed to do anything for me as UNH employees unless Defendants Lee and Birmingham first say it's OK for them to do so.

## Claims brought Under the District Court's Supplementary Jurisdiction

COUNT III:  *Defendants Libeling, Slander and Defamation of the Plaintiff.*

33. The Plaintiff re-alleges his claims of fact and law asserted in paragraphs 1 – 32.

34. The UNH Defendants Lee and Birmingham consistently from 2017 to the present time as freely slandered and defamed me with every member of the UNH community that they encountered. They routinely described me to members of the UNH as a criminal and a dangerous person. They also accused me of mistreating all manner of UNH employees and students. They filed false claims against me. They essentially destroyed my ability to obtain any deserved academic success, networking opportunities or future job prospects expected by anyone to achieve in the graduate experience at UNH.

35. These Defendants falsely and maliciously described me as a fraud in writing to other NH government employees that had devastating destructive impact on my family relationships and my ability obtain eligible academic and government services from NH state agencies.

## PRAYER FOR RELIEF

I.  For a declaratory judgment declaring that NH RSA 65:3 provides no requisite probable cause to have any citizen arrested for peacefully riding on a UNH Regional Bus for any reason even if they have not paid the required faire to do so.

II. For a declaratory judgment declaring that FRCP Local Rules 15.1 & 45.1 are facially and as applied unconstitutional.

III. For an Order enjoining the Defendants from arresting Strahan for trespass if he enters upon the UNHWT bus in the future.

IV. For an award of $100,000 in compensatory damages and an award of $1,000,000 in punitive damages from each of the individually sued Defendants.

V.  For an award of the Plaintiff's direct costs of prosecution against the Defendants.

VI. For any further relief that the Court deems appropriate.

BY:

/s/ Richard Maximus Strahan
_____
Richard Maximus Strahan
One Washington Street, Suite #3112
Dover NH 03820
617-817-44402
esistoo@yahoo.com

*Pro Se and Proud!*


## VERIFICATION OF THE COMPLAINT

I Richard Maximus Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this 19th day of April in the year two thousand and twenty-two.

/s/ Richard Maximus Strahan
_____
Richard Maximus Strahan