UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Maximus Strahan,
    Plaintiff

    v.                          Case No. 22-cv-391-SM-TSM
                              Opinion No. 2023 DNH 098

William McNamara, Tracy Birmingham,
Steven Lee, William Breault, and
Rene Kelley,
    Defendants

**O R D E R**

Richard Strahan, proceeding in forma pauperis and pro se, filed a civil rights complaint against various people, alleging that they acted both individually and in concert to unlawfully bar him from using UNH transportation services, and to defame him. See Complaint (document no. 1). Presently before the court is Strahan's motion to amend his complaint (document no. 49). In addition to restating his original claims, Strahan seeks to add Chief Judge McCafferty of this District as a defendant, based on decisions she made in this and other suits Strahan has brought in this court. That motion to amend is denied.

**Legal Standard**

A party may amend its pleading once as a matter of course within twenty-one days after the pleading is served or within twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). Such leave will be freely given when "justice so requires," id., but the Court need not "mindlessly grant every request for leave to amend." Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 20 (1st Cir. 2017) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006)). Instead, the Court may deny leave to amend when it concludes, based on the totality of the circumstances, that "the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Id. (alteration in original) (quoting Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 389 (1st Cir. 2013)). Additionally, leave to amend may be denied "if the proposed amendment 'would serve no useful purpose.'" Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Aponte-Torres, 445 F.3d at 58). "Whether a proposed amendment is futile is 'gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).'" Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 40 (1st Cir. 2022)

2

(quoting Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013)).  As such, a motion to amend should be granted "if the amended complaint 'contain[s] sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); see also Rife v. One W. Bank, F.S.B., 873 F.3d 17, 21 (1st Cir. 2017) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996))).

**Discussion**

This is not Strahan's first suit against judges of this court.  Chief Judge McConnell of the District of Rhode Island recently dismissed Strahan's suit against Chief Judge McCafferty.[1]  See Strahan v. McCafferty, et al., No. 1:23-cv-297-JJM-LDA, Order of Dismissal (document no. 12) (D.N.H. Aug. 4, 2023).  Among other things, Strahan's complaint was found to have been "frivolous and malicious" and "obviously retaliatory."  Id. at 5.  The court also concluded that Strahan's suit failed

---

[1] The case was referred to the District of Rhode Island after all the judges of this court recused.

3

to state any viable claims and noted that the judicial defendants were absolutely immune from the relief sought. Strahan's proposed amended complaint in this case is no different.

In his proposed amended complaint, Strahan first alleges that Judge McCafferty "is refusing to allow him" to prosecute this lawsuit because it has been "placed in permanent stasis." Id. at 3. Based on the court record, that assertion is demonstrably false and fails to state a claim for which relief can be granted.

The original complaint was filed on September 30, 2022 (document no. 1). Judge McCafferty denied, without prejudice, Strahan's motion for a temporary restraining order less than a week later, (document no. 7), and after preliminary review the same day, directed the United States Marshal Service to serve the complaint on the defendants (document no. 8). On October 21, 2022, Strahan re-filed his TRO request (document no. 9), which the court resolved expeditiously, denying it on October 24, 2022 (document no. 14). On October 21, 2022, after the defendants were served, Strahan again moved for temporary injunctive relief (document no. 20). The defendants filed

4

objections and Strahan replied to those objections.  The court denied Strahan's motion on November 17, 2022 (document no. 34).

Strahan filed a Notice of Appeal of the order denying his motion for injunctive relief the same day that order was issued (document no. 35).  On November 28, 2022, Judge McCafferty stayed the case, including consideration of pending motions to dismiss, because the issue on appeal – the scope of New Hampshire's criminal trespass statute – was "likely to inform the future handling of the case in this court." (document no. 42).  Strahan did not seek reconsideration of the stay order.

On appeal, rather than contesting the merits of Judge McCafferty's order, Strahan failed to file a brief and was defaulted.  On May 8, 2023, the Court of Appeals dismissed his appeal.  Strahan v. McNamara, et al., No. 22-1930, (1st Cir. May 8, 2023).  The Court of Appeals issued its mandate on May 31, 2023 and, a week later, Strahan sought Judge McCafferty's recusal.  After Judge McCafferty denied the motion to recuse (document no. 47), Strahan filed the instant motion to amend, whereupon Judge McCafferty recused herself from the case.  See Endorsed Order of Recusal (July 13, 2023).

5

This procedural history is recounted simply to demonstrate that, contrary to Strahan's claim of "permanent stasis," the official court record unequivocally discloses that his case was expeditiously processed at every turn. Delays occasioned by Strahan's own requests for additional appellate briefing time, or his failure to file an appellate brief, or the current motion to amend are of his own making. In short, the foundational claims upon which the proposed amended complaint are based are demonstrably false – something Strahan clearly understands.

Strahan's proposed claims against Judge McCafferty are also futile because they are barred by the doctrine of judicial immunity. As Judge McConnell noted in Strahan's prior suit (and as Strahan is now well-aware):

> It is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions. Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory. To determine if the judge is entitled to the full protection of the doctrine's deflector shield, the Supreme Court has assessed whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity. Further, absolute judicial immunity means not just immunity from damages, but immunity from suit altogether.

6

Strahan v. McCafferty, No. 23-cv-297-JJM-LDA, Order of Dismissal (D.N.H. Aug. 4, 2023) (citations and internal punctuation omitted).

Here, in addition to his claim of "permanent stasis," Mr. Strahan cites orders Judge McCafferty entered in a different case, in which she limited his contact with the clerk's office after his repeated acts of abusive conduct toward court personnel, despite being warned of consequences for his behavior.  It cannot seriously be disputed that all of Judge McCafferty's actions were taken in her "adjudicatory capacity."

Even adjudicatory actions that are shown to be retaliatory or taken in bad faith are immune from suit.  See Zenon, 924 F.3d at 616 ("The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith . . . .").  So, again, the proposed amended complaint is futile, in addition to being proffered in bad faith.

## Conclusion

Strahan's proposed amended complaint is plainly frivolous and malicious, advancing claims based upon demonstrably false assertions of fact against a judicial officer Strahan well knows

7

to be absolutely immune from such claims. And, like his earlier effort to sue Chief Judge McCafferty, his proposed amended complaint is undeniably retaliatory. It was plainly filed for an improper purpose – that is, in an effort to effect Chief Judge McCafferty's recusal from presiding over this case after she first denied Strahan's motion to recuse.

Strahan's motion to amend his complaint (**document no. 49**) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 15, 2023

cc: Richard M. Strahan, pro se
    Counsel of Record