UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Strahan,
    Plaintiff

    v.                                          Case No. 22-cv-391-SM-TSM
                                                  Opinion No. 2023 DNH 099

William McNamara, Tracy Birmingham,
Steven Lee, William Breault, and
Rene Kelley,
    Defendants


**O R D E R**

Pro se plaintiff, Richard Strahan, brings this action against three University of New Hampshire (UNH) officials, as well as the Chiefs of Police for Dover and Durham, New Hampshire.  Generally speaking, he alleges that defendants unlawfully barred him from using the UNH transportation system and threatened to arrest him for trespassing if he attempted to do so during a one-year period.  Additionally, Strahan claims that two of the UNH defendants defamed him.

Pending before the court is a motion to dismiss filed by Dover Police Chief William Breault and Durham Police Chief Rene Kelley.  For the reasons given, that motion is granted.

**Standard of Review**

In considering a motion to dismiss, the court accepts all well-pleaded facts alleged in the complaint as true, disregarding legal labels and conclusions, and resolves reasonable inferences in the plaintiff's favor. See Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). To avoid dismissal, the complaint must allege sufficient facts to support a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To satisfy the "plausibility standard," the factual allegations in the complaint, along with reasonable inferences, must show more than a mere possibility of liability – that is, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Lyman v. Baker, 954 F.3d 351, 359-60 (1st Cir. 2020) ("For the purposes of our [12(b)(6)] review, we isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.") (citation and internal punctuation omitted).

In other words, the complaint must include well-pled (i.e., non-conclusory, non-speculative) factual allegations as to each of the essential elements of a viable claim that, if assumed to be true, allow the court to draw the reasonable and plausible inference that the plaintiff is entitled to the relief sought.

See Tasker v. DHL Retirement Savings Plan, 621 F.3d 34, 38-39 (1st Cir. 2010).

**Background**

Strahan has a brief but prolific history of unsuccessful pro se litigation in this court. He also has demonstrated a tendency to engage in behavior that is rude, sophomoric, profane, aggressive, and threatening (both in this court and others). See generally Strahan v. O'Reilly, No. 22-CV-52-SM, 2022 WL 4126058, at *1 (D.N.H. Sept. 8, 2022) (collecting cases). He has also knowingly and defiantly violated case management orders, sanction orders, and Rule 11 of the Federal Rules of Civil Procedure. See Strahan v. O'Reilly, No. 22-CV-52-SM, 2022 WL 5113347, at *1 (D.N.H. Oct. 4, 2022). See also Strahan v. McCafferty, No. 23-cv-297-JJM (D.N.H. Aug. 4, 2023) (McConnell, Jr., J) (holding that Strahan's pro se complaint was, among other things "frivolous and malicious" and "obviously retaliatory").

Given that, it should not be surprising that Strahan engaged in conduct that prompted the University System of New Hampshire to ban him from using the university's Wildcat Transit buses for one year. See Exhibit 1 to Affidavit of Richard Strahan (document no. 10-1), Correspondence from William

McNamara dated June 10, 2022 ("Dear Mr. Strahan: By means of this letter, you are officially notified that you are immediately banned from any and all transportation services operated by the University System of New Hampshire, including but not limited to all University of New Hampshire Wildcat Transit bus lines. . . . This ban is in effect through June 10, 2023 (1-year period).") (emphasis in original).

In that letter, Mr. McNamara explained to Strahan that the temporary ban was imposed because of:

> repeated instances of refusal to abide by UNH transportation rules, disregard of directions from transportation service employees, verbal abuse and intimidation of University staff members and other transportation services patrons, and refusal to comport yourself in a manner consistent with behavioral expectations. Your conduct has disrupted transportation service and detracted from the quality of life and safety of the University community.

Id. at 1. In her affidavit, the Associate General Counsel for the University System of New Hampshire has chronicled numerous instances during which Strahan behaved in a manner that was unsafe, uncivil, threatening, disruptive, and abusive while a passenger on Wildcat Transit buses – incidents that formed the basis of the temporary ban. See Affidavit of Tracy Birmingham (document no. 28-1). See also The University of New Hampshire's Department of Transportation website ("**Passenger Conduct:**

4

Passengers are expected to conduct themselves civilly for the safety and comfort of all on board.") (https://www.unh.edu/transportation/buses-shuttles/fares-information).  Strahan was specifically warned that, "should you violate this ban, you will be subject to immediate arrest for criminal trespass pursuant to New Hampshire RSA 635:2."  McNamara Correspondence at 1.

    Strahan was served in hand with a copy of the temporary ban and informed of his right to appeal it to the UNH Police Chief and Associate Vice President for Public Safety and Risk Management.  He pursued that appeal, but it was denied.

    Strahan takes issues with the temporary ban.  First, he claims that "Defendant McNamara does not have any lawful authority to unilaterally as a UNH employee . . . deny any member of the Public from [riding] on UNHWT buses . . . [and] has no authority as a UNH employee to . . . order anyone to stay off UNH property."  Complaint (document no. 1) at para. 5  Strahan also believes that the New Hampshire criminal trespassing statute – N.H. Rev. Stat. Ann. 635:2 – only applies to "real estate like a building or a parcel of land."  Complaint at para. 6.  According to Strahan, that statute does not apply to "unwanted access by a person on a bus or other form [of] mass transportation."  Id. at para. 7.  See also Objection to Motion

5

to Dismiss (document no. 31) at 4 ("I am claiming that [the] use [of] property of another on a Public right of way is not subject to the N.H. Trespass Statute."). As discussed below, both assertions are incorrect.

With respect to Chief Kelley and Chief Breault, Strahan claims that after he received notice of his temporary ban from the UNH Wildcat Transit system, he:

> contacted the cop shops employing Defendant[s] Kelley and Breault. <u>He was told by upper level senior employees</u> acting as these Defendants, that <u>their departments will enforce the Trespass Notice</u>. If Strahan attempts at any point in the future to enter upon a UNHWT bus operating in their respective professional jurisdictions [he was told] that he will be summarily arrested for criminal trespass.

Complaint at para. 26 (emphasis supplied). Strahan seeks an injunction prohibiting those defendants from arresting him for trespass, as well as $100,000 in compensatory damages from each for having "threatened to arrest him without the requisite probable cause" – all allegedly in violation of his constitutionally protected rights.

It is unclear whether Strahan actually complied with the temporary ban, but nothing in the record suggests he was ever arrested for trespassing on a Wildcat Transit bus. His one-year

6

ban expired on June 10, 2023. But, because neither defendant asserts that Strahan's claims are moot, the court will address them on the merits.

## Discussion

Strahan's legal assertion that the New Hampshire criminal trespass statute does not apply to vehicles is wrong. So, too, is his claim that defendant William McNamara lacked authority to temporarily ban Strahan from using the Wildcat Transit system. Indeed, both issues have already been resolved against him.

In its order denying Strahan's motion for temporary restraining order, the court (McCafferty, C.J.) noted that:

> Mr. Strahan alleges that UNH's ban is illegal because New Hampshire's criminal trespass statute only applies to real property, not a movable object like a bus. The court's analysis of the pertinent statute suggests otherwise. New Hampshire law provides that a "person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so, he enters or remains <u>in any place</u>." N.H. Rev. Stat. Ann. § 635:2, I. In addition, "criminal trespass is a misdemeanor if: . . . (b) [t]he person knowingly enters or remains: . . . (2) <u>in any place</u> in defiance of an order to leave or not to enter which was personally <u>communicated to him</u> by the <u>owner or other authorized person</u>." N.H. Rev. Stat. Ann. § 635:2, III(b)(2).

Order Denying TRO (document no. 34) at 7-8 (emphasis supplied).

7

The court then concluded that, "the trespass statute contains no language limiting the definition of the term 'any place' to 'real property,' as Mr. Strahan argues. If the New Hampshire legislature had intended to restrict the scope of the word 'place,' it could have done so. . . . [T]he court declines to engraft a limitation onto the words 'premises' or 'any place' in New Hampshire's criminal trespass statute where the New Hampshire legislature has not done so." Id. at 9-10.

Next, the court concluded that the undisputed record demonstrated that William McNamara had the authority to ban Strahan from riding on Wildcat Transit buses. Id. at 8. Indeed, in her uncontested affidavit, Attorney Birmingham, Associate General Counsel for the University System of New Hampshire, testified that William McNamara "has the authority to enforce the rules relating to the use of UNH's transportation services, including banning passengers from using the transportation services for engaging in conduct that violates the transportation rules. Affidavit of Tracy Birmingham (document no. 28-1) at para. 2 (emphasis supplied).

In short, then, defendant McNamara had the legal authority to ban Strahan from the Wildcat Transit system for his repeated refusal to comport himself with the system's terms of use, and

8

for his recurring offensive, unsafe, threatening, and abusive conduct.  It is equally plain that New Hampshire's criminal trespass statute applies to the buses operated by the University System of New Hampshire.  And, finally, defendants Kelley and Breault did not violate any of Strahan's constitutional rights by allegedly affirming (through their agents) that their police departments will enforce New Hampshire law.[1]

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' legal memorandum, not one of Strahan's claims against Chief Kelley and Chief Breault states a viable cause of action.  Accordingly, their Motion to Dismiss (**document no. 13**) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 15, 2023

cc:  Richard M. Strahan, pro se
     Counsel of Record

---

[1]   For reasons that should be clear, the court need not discuss the nuances of attempting to bring a § 1983 respondeat superior claim against the chiefs of police based upon alleged statements of unspecified subordinates.