UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Strahan,
        Plaintiff

        v.                                     Case No. 22-cv-391-SM-TSM
                                               Opinion No. 2023 DNH 150

William McNamara, Tracy Birmingham,
and Steven Lee,
        Defendants


**O R D E R**


        What remains of pro se plaintiff Richard Strahan's original
complaint are three claims against three University of New
Hampshire (UNH) officials.  First, he alleges that William
McNamara unlawfully (and in violation of various
constitutionally protected rights) barred him from using the UNH
transportation system and threatened to have him arrested for
trespassing if he attempted to do so during a one-year period.
Next, Strahan claims the two remaining defendants - Steven Lee
and Tracy Birmingham – "bullied and intimidated" other UNH
employees into refusing to provide him with educational and
transportation services routinely provided to other members of
the public, allegedly in violation of Strahan's rights under the

First and Fourteenth Amendments.  Finally, Strahan brings a
common law defamation claim against Lee and Birmingham.


Pending before the court is defendants' motion for judgment
on the pleadings.  For the reasons given, that motion is
granted.


## Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ.
P. 12(c) is subject to the same standard of review applicable to
a motion to dismiss under Rule 12(b)(6).  See Portugues-Santana
v. Rekomdiv Int'l, Inc., 725 F.3d 17, 25 (1st Cir. 2013).
Accordingly, the court must accept as true all well-pleaded
facts in Strahan's complaint and indulge all reasonable
inferences in his favor.  The court may also consider documents
referenced by or incorporated into the complaint.  See Kando v.
Rhode Island State Bd. of Elections, 880 F.3d 53, 56 (1st Cir.
2018).


To survive defendants' motion, the complaint must allege
sufficient facts to support a "plausible" claim for relief.  See
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To satisfy that
plausibility standard, the factual allegations in the complaint,
along with reasonable inferences drawn from them, must show more

2

than a mere possibility of liability – that is, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See also Lyman v. Baker, 954 F.3d 351, 359-60 (1st Cir. 2020) ("For the purposes of our [12(b)(6)] review, we isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.") (citation and internal punctuation omitted).

In other words, the complaint must include well-pled (i.e., non-conclusory, non-speculative) factual allegations as to each of the essential elements of a viable claim which, if assumed to be true, would allow the court to draw the reasonable and plausible inference that the plaintiff is entitled to the relief sought.  See Tasker v. DHL Retirement Savings Plan, 621 F.3d 34, 38-39 (1st Cir. 2010).

**Background**

On August 15, 2023, the court granted the motion to dismiss filed by two former defendants in this action.  Order on Motion to Dismiss (document no. 53) ("Strahan I").  In that order, the court set forth much of the relevant background to this case. Given that, the entire history between these parties need not be recounted here; it is sufficient to note the following.

In response to a series of disruptions Strahan caused while
riding the University of New Hampshire's Wildcat Transit buses,
he was banned from riding those buses for one year (through June
10, 2023).  See Exhibit 1 to Affidavit of Richard Strahan
(document no. 10-1), Correspondence from William McNamara dated
June 10, 2022.  In that letter, Mr. McNamara explained to
Strahan that the temporary ban was imposed because of Strahan's:

> repeated instances of refusal to abide by UNH
> transportation rules, disregard of directions from
> transportation service employees, verbal abuse and
> intimidation of University staff members and other
> transportation services patrons, and refusal to
> comport yourself in a manner consistent with
> behavioral expectations.  Your conduct has disrupted
> transportation service and detracted from the quality
> of life and safety of the University community.

Id.


    Defendant Tracy Birmingham is the Associate General Counsel
for the University System of New Hampshire.  In her affidavit
(filed in opposition to Strahan's motion for a temporary
restraining order), she has chronicled numerous occasions on
which Strahan behaved in a manner that was unsafe, uncivil,
threatening, disruptive, and abusive while a passenger on
Wildcat Transit buses.  She also identified several occasions on
which Strahan attempted to use an invalid student I.D. in an
effort to avoid paying transportation fees.  Strahan was warned

at least twice about his unacceptable conduct and, when he failed to modify his behavior, the decision was made to impose the temporary ban.  See Affidavit of Tracy Birmingham (document no. 28-1).  See also The University of New Hampshire's Department of Transportation website ("**Passenger Conduct:** Passengers are expected to conduct themselves civilly for the safety and comfort of all on board.") (https://www.unh.edu/transportation/buses-shuttles/fares-information).  Strahan was specifically warned that, "should you violate this ban, you will be subject to immediate arrest for criminal trespass pursuant to New Hampshire RSA 635:2."  McNamara Correspondence at 1.

Strahan was served in hand with a copy of the temporary ban and informed of his right to appeal it to the UNH Police Chief and Associate Vice President for Public Safety and Risk Management.  He pursued that appeal, but it was denied.

Strahan takes issues with the temporary ban.  He argues that McNamara lacked the legal authority to impose it and asserts that New Hampshire's criminal trespassing statute does not apply to vehicles.  So, the argument seems to go, when he was threatened with arrest if he violated the ban, he was subjected to a form of anticipatory "unconstitutional seizure" and "malicious prosecution."

In addition to challenging his temporary ban from the Wildcat Transit buses (count one), Strahan also alleges that defendants Lee and Birmingham unlawfully intimidated and coerced other University System employees to unconstitutionally deny him University services and to interfere with his First Amendment rights (count two).  Finally, Strahan alleges that defendants Lee and Birmingham defamed him to members of the UNH Community (count three).

**Discussion**

I.   Count 1 - Unlawful Seizure and Denial of Due Process.

As noted, the claim(s) advanced in count one of Strahan's complaint stem from McNamara's imposition of the temporary ban on his use of the Wildcat Transit buses.  According to Strahan, "Defendant McNamara does not have any lawful authority to unilaterally as a UNH employee deny any member of the Public from riding on UNHWT buses and has no authority as a UNH employee to order anyone to stay off UNH property."  Complaint (document no. 1) at para. 5 (cleaned up).  Additionally, Strahan argues that the New Hampshire criminal trespassing statute – N.H. Rev. Stat. Ann. 635:2 – only applies to "real estate like a building or on a parcel of land."  Complaint at para. 6. According to Strahan, that statute does not apply to "unwanted access by a person on a bus or other form [of] mass

transportation." Id. See also Objection to Motion to Dismiss (document no. 31) at 4 ("I am claiming that [the] use [of] property of another on a Public right of way is not subject to the N.H. Trespass Statute."). Based upon that (faulty) interpretation of the law, Strahan believes the temporary ban was unlawful (and, somehow, unconstitutional), as was the threat to have him arrested if he violated it.

As discussed in Strahan I, the legal and factual assertions upon which his claim rests are incorrect. See Strahan I at 7-9 (concluding that "defendant McNamara had the legal authority to ban Strahan from the Wildcat Transit system for his repeated refusal to comport himself with the system's terms of use, and for his recurring offensive, unsafe, threatening, and abusive conduct. It is equally plain that New Hampshire's criminal trespass statute applies to the buses operated by the University System of New Hampshire."). Consequently, Strahan's "unconstitutional seizure" claim lacks merit.

As to his claim that he was denied due process, that too fails as a matter of law. Strahan was afforded all the process to which he was entitled (and likely more) when the temporary ban was imposed upon him. As noted in the court's prior order, Strahan was served in hand with a copy of the temporary ban and

informed of his right to appeal that ban to the UNH Police Chief
and Associate Vice President for Public Safety and Risk
Management.  Strahan pursued that appeal, but it was denied.
Strahan I, at 5.  See also Affidavit of Tracy Birmingham at
para. 7.

In short, count one of Strahan's complaint – his claim
pursuant to 42 U.S.C. § 1983 that he was denied due process and
subjected to an "unlawful seizure" and "malicious prosecution"
when he was threatened with arrest if he trespassed on the
Wildcat Transit buses - fails to assert the essential elements
of a viable cause of action.

II.  Count 2 – Interference with First Amendment Rights.

In Count two of his complaint, Strahan seeks to vindicate
rights allegedly protected by the First and Fourteenth
Amendments.  See generally 42 U.S.C. § 1983.  Specifically, he
claims that defendants Lee and Birmingham:

> deliberately made it impossible for me to obtain any
> services at all from UNH.  They have bullied and
> intimidated almost every UNH employee from the Dean of
> Students to most UNH academic employees from directly
> communicating with me or offering me any UNH services
> at all.  They have done so without any of them
> possessing the lawful authority as UNH employees to
> order any other UNH employee not to provide me the
> services that UNH routinely supplies to any other
> member of the Public.

> . . . This is retaliation and retribution for their
> considering me as a threat to their vested interests
> to their acting outside the law and authority as UNH
> employees <u>to control the behavior and constitutionally
> protected speech of students and academic employees of
> UNH</u>.  These Defendants despise me as a perceived
> threat to sue them and other disgruntled UNH employees
> for their unlawful actions.

Complaint at paras. 31-32 (emphasis supplied).  First, it
probably goes without saying that Strahan lacks standing to
assert the First Amendment claims of "students and academic
employees of UNH."  As importantly, however, count two lacks any
plausible factual allegations that might support a viable claim
that defendant Lee and/or Birmingham violated any of Strahan's
constitutionally protected rights.

As the court previously concluded, defendant McNamara had
the lawful authority to temporarily ban Strahan from the Wildcat
Transit buses.  None of the defendants named in this action
violated any of Strahan's constitutional rights in connection
with that ban.  To the extent Strahan claims Lee and/or
Birmingham interfered with his ability to obtain educational
services at UNH, Strahan has no constitutionally protected right
to such services.  <u>See, e.g.</u>, <u>San Antonio Indep. Sch. Dist. v.
Rodriguez</u>, 411 U.S. 1, 35 (1973) ("Education, of course, is not
among the rights afforded explicit protection under our Federal

Constitution.  Nor do we find any basis for saying it is

implicitly so protected.").  So, to the extent Strahan claims

defendants Lee and Birmingham deprived him of access to

transportation and/or academic services provided by UNH, neither

"right" is constitutionally protected and those claims fail to

state viable causes of action.

    Moreover, even if Strahan had plausibly alleged the

essential elements of viable constitutional claims against Lee

and Birmingham, those claims would be barred by the federal

doctrine of res judicata.  See generally Merrick v.

CitiMortgage, Inc., No. 12-CV-263-SM, 2013 WL 798234, at *2

(D.N.H. Mar. 5, 2013) (discussing the circumstances under which

a federal court's final judgment is entitled to preclusive

effect in subsequent litigation).  In an earlier federal case

against defendants Lee and Birmingham, Strahan raised claims

that are virtually identical to those advanced here.  See

Strahan v. O'Reilly, et al., no. 22-cv-52-SM, Amended Complaint

(document no. 30), Caption to Count VI and paras. 50-51

(restating, nearly verbatim, the claims advanced in count two of

this litigation).  Indeed, because Strahan appears to have

simply copied and pasted that portion of his prior amended

complaint into the complaint in this proceeding, he

inadvertently included a party from that earlier litigation –

Joseph DiGregorio or "DG" as Strahan calls him – in the caption
to count two of his complaint in this action.  DiGregorio is not
a defendant in this proceeding.

Strahan's prior case was dismissed on the merits and with
prejudice by order dated October 4, 2022.  See Strahan v.
O'Reilly, et al., Order of Dismissal (document no. 80).  See
also Fed. R. Civ. P. 41(b) (a dismissal under this rule
"operates as an adjudication on the merits").  Strahan cannot
relitigate those dismissed claims in this proceeding.

Parenthetically, the court notes that it is aware that
Strahan has appealed the dismissal of his claims in Strahan v.
O'Reilly, et al., No. 22-cv-52-SM, to the United States Court of
Appeals for the First Circuit and that appeal remains pending as
of this date.  See Strahan v. O'Reilly, et al., Case no. 22-1799
(1st Cir. 2022).  That pending appeal does not, however, prevent
this court's earlier final judgment from having preclusive
effect in this case.  For purposes of federal res judicata, this
court's dismissal of all claims in the earlier case is a final
order on the merits, entitled to preclusive effect.  See Taunton
Gardens Co. v. Hills, 557 F.2d 877, 879, n.2 (1st Cir. 1977)
("it is well settled that in the federal courts the pendency of
an appeal does not destroy the res judicata effect of a

judgment."). <u>See also</u> <u>Hazel v. Curtiss-Wright Corp.</u>, No. IP 86-
909-C, 1992 WL 436236, at *3 (S.D. Ind. Mar. 9, 1992) ("The
overwhelming majority rule in the federal courts is that a
judgment may be given res judicata effect during the pendency of
an appeal.") (collecting cases); Wright & Miller, <u>Federal</u>
<u>Practice and Procedure</u>, § 4433 Finality — Appeals Forgone,
Pending, or Unavailable, 18A Fed. Prac. & Proc. Juris. § 4433
(3d ed.) ("The bare act of taking an appeal is no more effective
to defeat preclusion than a failure to appeal.  The Supreme
Court long ago seemed to establish the rule that a final
judgment retains all of its res judicata consequences pending
decision of the appeal, apart from the virtually nonexistent
situation in which the "appeal" actually involves a full trial
de novo.  The lower courts have taken the rule as settled ever
since.") (footnotes omitted).


III. <u>Count 3 – Defamation</u>.

     For the same reason, Strahan is precluded from pursuing his
defamation claims against defendants Lee and Birmingham.
Identical claims were advanced in count seven of Strahan's
earlier complaint, which was dismissed with prejudice.  <u>Compare</u>
<u>Strahan v. O'Reilly, et al.</u>, Amended Complaint (document no. 30)
at paras. 57-58 <u>with</u> the complaint in this action (document no.
1) at paras. 34-35.

If more were needed, count three of Strahan's complaint
fails to allege sufficient non-conclusory factual claims for the
court to plausibly infer that the content of any one or more of
defendants' statements was false or defamatory, rather than
merely protected expressions of opinion.  Indeed, not a single,
specific, allegedly defamatory statement is attributed to either
defendant, nor does the complaint identify the person(s) with
whom such allegedly defamatory statements were shared.  Rather,
count three of the complaint is characterized by vague,
conclusory, and hyperbolic allegations that are plainly
insufficient to form the basis of a viable defamation claim.
See, e.g., Complaint at para. 34 ("Defendants Lee and Birmingham
consistently from 2017 to the present time freely slandered and
defamed me with every member of the UNH community that they
encountered.").

## Conclusion

For the foregoing reasons, as well as those set forth in
defendants' legal memorandum (document no. 57-1), none of
Strahan's remaining claims plausibly alleges the essential
elements of a viable cause of action.  The complaint's
contentions are, at best, vague and conclusory and they are
unaccompanied by specific allegations of actionable
constitutional deprivations or common law causes of action.

Moreover, the claims advanced in counts two and three (against defendants Lee and Birmingham) are precluded by the doctrine of res judicata.

Defendants' Motion for Judgment on the Pleadings (**document no. 57**) is <u>granted</u> and all remaining pending motions (including, but not limited to, **documents no. 58, 67, 68, 69, and 73**) are <u>denied as moot</u>.

Additionally, documents no. **64, 65, 66, 67, 68, 69, 72, and 73** are all also <u>stricken</u> from the docket for including language similar to that used in previously stricken filings – language plainly violative of Rule 12(f) insofar as it is immaterial, impertinent, and/or scandalous.  <u>See generally</u> <u>Strahan v. O'Reilly</u>, No. 22-cv-52-SM, Show Cause Order (D.N.H. Sept. 8, 2022) (document no. 72) and Dismissal Order (D.N.H. Oct. 4, 2022) (document no. 80).  Use of that language also violates prior court directives to Strahan.  <u>See, e.g.</u>, <u>Id.</u>, Order at 2 (D.N.H. May 26, 2022) (document no. 42)  ("The court warned Strahan that if he violated the court's order, or if his "future written communications or personal interactions with the court exhibit insulting, offensive, or harassing content, Mr. Strahan will be subject to further sanction, including the dismissal of this case with prejudice.  Strahan's abusive conduct has

continued."); Case Management Order (document no. 9) ("Any filings Mr. Strahan makes that include such content will be stricken from the docket.").

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 7, 2023

cc:  Richard Strahan, pro se
     Counsel of Record